IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2003 JA 10 PM 12: 21

LAZARO ABALOS, PETITIONER

VS.

WILLIAM DON MONTAGUE, SHERIFF
OF HAYS COUNTY, TEXAS,
    RESPONDENT

and

HONORABLE GREG ABBOTT,
ATTORNEY GENERAL OF THE STATE
OF TEXAS, RESPONDENT

CAUSE NO. A03CA 013SS

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON ORDERED TO SERVE A COMMITMENT PURSUANT TO STATE COURT JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

The Petitioner LAZARO ABALOS seeks relief from a State Court judgment, inter alia, requiring service of 90 days in the county jail of Hays County, Texas as a condition of probation, and for cause shows as follows:

### I. PRELIMINARY INFORMATION

A. On March 22, 2001, in the 22nd Judicial District Court of Hays County, a jury convicted Petitioner, pursuant to a one count indictment, of indecency with a child, a second degree felony. Sentence, as recommended by the jury, was seven years confinement probated for seven years. The Court imposed 90 (ninety) days confinement in the Hays County Jail. Said commitment is scheduled to commence on January 10, 2003.

B. The undersigned attorney and Richard Davis, Attorney at Law, whose address is the same as the undersigned, have represented Petitioner at trial and through appeal.

1

Petitioner prosecuted a direct appeal to the Court of Appeals of Texas, Third Judicial District. The conviction was affirmed by the Third Court; a Motion for Rehearing was filed, which the Third Court subsequently denied without comment. Petitioner then petitioned the Court of Criminal Appeals of Texas for Discretionary Review. This was denied by the Court without comment. All State remedies have been exhausted by Petitioner.

## II. GROUNDS FOR RELIEF

### A. STATEMENT OF THE CASE

The indictment under which Petitioner was tried alleged that he "intentionally and knowingly engaged in sexual contact with Jane Doe... and the said Jane Doe was then and there a child younger than seventeen years..." Petitioner was convicted of having consensual sex with a 16 year old, who was some 5-7 months short of being 17 years old. Tex. Pen Code Ann. Section 21.11 (West Supp. 2002) He testified at trial, as did she, that she told him she was 17 years of age or older. She appeared at least 17 years of age. He testified that he believed her. Petitioner requested a mistake of fact instruction at trial, which was refused. That is, he requested that the jury be instructed that they may consider evidence that Petitioner reasonably believed the complainant was at least 17 years old.

The trial court not only refused this instruction, but affirmatively instructed the jury that Petitioner's mistaken belief in the complainant's age was no defense. Petitioner asserted at trial and on appeal that, as the age of the complainant was the only element which criminalized his contact, a culpable mental state was required as to this element, both under Texas law and as a matter of fundamental due process under the United States Constitution, Amendments 5 and 14. The State Appellate Court, relying primarily on **Johnson v. State**, 967 S.W. 2d 848, (Tex. Crim App. 1998), determined that "had the Legislature intended to make a provision regarding the knowledge of the victims age it would have expressly included that requirement within section 21.11 of the Texas Penal Code." **Johnson**, supra at Page 2. The Petitioner has consistently argued and contended that, as expounded in **Morissette v. United States**, 342 U.S. 246, 250, and other similar cases, the

State of Texas in dispensing with a culpable mental state as to the age of the child in cases such as this has violated the constitutional requirement that the accused in a criminal case not be deprived of life or liberty without due process of law.

### B. ARGUMENT FOR RELIEF

The State of Texas has convicted Petitioner for a crime he reasonably believed he was not committing, or, at very least, has permitted him to be convicted without jury of peers being allowed to examine his intent or knowledge as to the age of the victim. Under the law as applied to the facts of this case, if the complainant had produced a government document along with sworn affidavit from her mother that she was in fact at least 17 years of age, the jury would not have been able to consider it as a defense to the prosecution. This leads to the absurd and constitutionally abhorrent conclusion that evidence of any steps Petitioner would have taken to assure himself that he was not committing a crime, and thus that his intent was not to commit a crime, would not have been relevant in his trial.

If that which separates lawful conduct from illegal conduct depends entirely upon the circumstances of the conduct, a culpable mental state regarding the circumstances of the conduct is required. (Appellant's Petition for Discretionary Review to the Texas Court of Criminal Appeals, citing **United States v. X-Citement Video**, 513 U.S.64, 115 S. Ct 464, 130 L.Ed.2d 372 (1994) As stated in **X-Citement Video**, "...a statute completely bereft of a scienter requirement as to the age of the performers would raise serious constitutional doubts." **X-Citement Video** at 78.

The notion that fundamental fairness and due process of law require that, in cases such as these, the actor's state of mind as to the age of the complainant be admissible on the issue of his culpability is not a novel one. As far back as 1964, the California Supreme Court ruled that the reasonable belief of the defendant as to the age of the complainant in assessing his culpability was constitutionally mandated. **People v. Hernandez**, 61 Cal. 2d. 529 (S. Ct. California 1964). The Courts of the States of New Mexico, Utah and Alaska have also endorsed mistake of fact defenses

in circumstances similar to Petitioner's. **Perez v. New Mexico**, 111 NM 160, 803 P.2d 249, (s Ct. New Mexico 1990); **Utah v. Elton**, 680 P. 2d 727 (Utah S. Ct. 1984); **Alaska v. Guest**, et al, 583 P. 2d 836, (Supreme Court of Alaska, 1978).

Petitioner complains primarily that his constitutional contentions were in essence overruled by the Third Court's reliance on **Johnson v. State**, supra. ("In a prosecution for indecency with a child, it is unneccessary for the State to prove that the Defendant knew that the complainant was under the age of seventeen." citing Johnson.( Opinion of the Texas Court of Appeals, Third District, Page 2, No. 03-01-00351-Cr) However, the Ft. Worth Court of Appeals, which decided Johnson stated that "**we admit that Johnson's logic is reasonable**. (Emphasis supplied) The current state of the law, however, is not based on a fault in Johnson's logic, but instead on countervailing public policy". **Johnson v. State**, No.2-95-384-Cr, slip op. Pp 8-9 (Tex. App.–Ft Worth July 18, 1996). "Countervailing public policy" notwithstanding, failure of Texas law to require a culpable mental state as to the age of the complainant in "statutory rape" cases and thus to severely punish conduct which would otherwise be innocent, is a violation of the 5th and 14th Amendments to the United States Constitution.

WHEREFORE, Petitioner respectfully prays that the Court grant any and all relief to which he may show himself entitled in this proceeding, and, that pursuant to 28 USC 2251, stay any and all State Court proceedings pending determination of the outcome of this proceeding.

Respectfully submitted,

REVIS KANAK
Attorney at Law
1122 Colorado, Suite 2320
Austin, Texas 78701
State Bar No. 11091500
Tel: 512 476-4884
Fax: 512 476-4974
ATTORNEY FOR PETITIONER

I declare under penalty of perjury that the foregoing is true and correct, and that I have authority to make this declaration on behalf of Petitioner.

_____
Revis Kanak